Filed 9/25/24  P. v. Briggs CA1/4
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RONNIE LYNN BRIGGS,<br><br>      Defendant and Appellant. | A168609<br><br>(Contra Costa County Super. Ct. No. 04-22-01209) |

Defendant Ronnie Lynn Briggs was found incompetent to stand trial and committed to the Department of State Hospitals (the Department).  The trial court determined that Briggs lacked the capacity to decide whether to take antipsychotic drugs, and, without the drugs, he would likely suffer serious harm to his physical or mental health.  The court accordingly ordered Briggs to be involuntarily medicated under Penal Code[1] section 1370, subdivision (a)(2)(B)(i)(I).  Briggs argues that the court's order is not supported by substantial evidence.  We affirm.

## BACKGROUND

After Briggs was found incompetent to stand trial and committed to the Department, the Department filed a petition for

---

[1] All statutory references are to the Penal Code.

an order to compel involuntary treatment of Briggs with antipsychotic medication under the procedures set forth in section 1370, subdivisions (a)(2)(C) and (a)(2)(D).[2]  The petition included the required certification from Briggs's treating psychiatrist, who certified that involuntary medication was required and warranted under section 1370, subdivision (a)(2)(B)(i)(I) and (II).  The petition followed an August 2, 2023 medication review hearing, at which an administrative law judge ordered that temporary involuntary antipsychotic medication be administered to Briggs.

The trial court held a hearing on the Department's petition and heard testimony from Briggs's treating psychiatrist at Atascadero State Hospital, Dr. Joshua Deane.  The court qualified Deane as an expert in psychiatric treatment of medical illness, and Deane testified that his job entailed taking care of patients in the units at the hospital, diagnosing their problems, and prescribing proper medication to improve their mental state. After hearing Deane's testimony and argument from counsel, the court granted the petition and ordered Briggs to be involuntarily medicated under section 1370, subdivision (a)(2)(B)(i)(I).  Briggs filed a timely appeal.

---

[2] These provisions allow for the filing of a petition to obtain an order authorizing the involuntary treatment of a defendant committed to the Department with antipsychotic medication where the defendant previously consented to antipsychotic medication but later withdrew such consent or where the treating psychiatrist determines that antipsychotic medication has become medically necessary and appropriate.  (§ 1370, subd. (a)(2)(C)–(D).)

## DISCUSSION

Individuals have a qualified constitutional right to refuse antipsychotic medication under the federal and state constitutions. (*In re Qawi* (2004) 32 Cal.4th 1, 14–16.) Our Legislature has amended section 1370 to meet modern constitutional standards related to involuntary medication orders for defendants deemed incompetent to stand trial and committed to the Department. (*People v. Lameed* (2016) 247 Cal.App.4th 381, 396; § 1370, subd. (a)(2).) Subdivision (a)(2)(B) permits involuntary medication in three circumstances. (§ 1370, subd. (a)(2)(B)(i)(I-III).) The trial court here made factual findings under the first of these provisions, which requires that: "[1] the defendant lacks capacity to make decisions regarding antipsychotic medication, [2] the defendant's mental disorder requires medical treatment with antipsychotic medication, and [3] if the defendant's mental disorder is not treated with antipsychotic medication, it is probable that serious harm to the physical or mental health of the defendant will result." (§ 1370, subd. (a)(2)(B)(i)(I).) The question for us is whether the record contains substantial evidence from which the trial court could have found it highly probable that the requisite facts were true (the clear and convincing evidence standard of proof). (*People v. Garcia* (2024) 99 Cal.App.5th 1048, 1054 (*Garcia*).)[3] It does.

---

[3] The parties agree that clear and convincing evidence is the applicable standard of proof, so we assume for purposes of this opinion that this standard applies. (See *Garcia, supra,* 99 Cal.App.5th at p. 1054, fn. 2.)

Briggs disputes only the trial court's finding of probable serious harm to his health. Under the statute, "Probability of serious harm to the physical or mental health of the defendant requires evidence that the defendant is presently suffering adverse effects to their physical or mental health, or the defendant has previously suffered these effects as a result of a mental disorder and their condition is substantially deteriorating. The fact that a defendant has a diagnosis of a mental disorder does not alone establish probability of serious harm to the physical or mental health of the defendant." (§ 1370, subd. (a)(2)(B)(i)(I).)

The evidence was sufficient to support the order. Deane opined that Briggs suffered from schizophrenia. When asked to describe Briggs's "active symptoms" Deane said, "He is very delusional. Demonstrates disorganization, illogical thinking, very poor judgment." Briggs was under the belief that he was sent to the hospital solely because he had difficulty with a "chief police" who stole Briggs's supplemental security income. Deane had increased Briggs's dose of medication a week before the hearing, and Briggs thereafter was able to sit down and talk with the doctor without displaying "any threatening behavior or becom[ing] agitated." Previously, Briggs was "very loud, in a sense, belligerent," and the hospital had to have a team with Briggs, who demanded to make many calls, including to NASA. After his dose increase, Briggs was able to sleep through the night without yelling in his room, he was "cordial enough to get along without the violence," and he was less agitated, demanding,

4

and aggressive. Briggs's delusional beliefs nonetheless continued. For example, on the day of the hearing, Briggs told Deane that a hospital social worker's husband was the cousin of the "chief police" who stole Briggs's money and conspired to send Briggs to the hospital.

Deane's testimony regarding Briggs's behavior — his delusions, agitation, and belligerence — established that Briggs presently exhibited symptoms of a mental disorder that posed "adverse effects" to his mental health. (§ 1370, subd. (a)(2)(B)(i)(I); *Garcia, supra*, 99 Cal.App.5th at pp. 1055–1056.) Briggs undisputedly suffered from paranoid delusions, and we agree with *Garcia* that accepting symptoms such as these as evidence of adverse effects on a defendant's mental health does not violate the statutory mandate that a diagnosis of a mental disorder may not alone establish the requisite probability of serious harm to a defendant's physical or mental health. (*Garcia*, at p. 1056, citing § 1370, subd. (a)(2)(B)(i)(I).) Deane's testimony also supports findings that (1) without the increase in medication, Briggs had not been sleeping through the night; and (2) Briggs's agitation and belligerence while not sleeping rendered communication with Briggs, and hence treatment, more difficult. Deane opined that medication is the only effective means to treat schizophrenia, and Briggs's behavioral and sleep improvements correlated with the increase in his medication. A rational fact finder could thus conclude that clear and convincing

evidence established that Briggs was suffering adverse effects to his mental health caused by his mental disorder.[4]

### DISPOSITION

The order is affirmed.


BROWN, P. J.


WE CONCUR:

GOLDMAN, J.
DOUGLAS, J.*


*People v. Briggs* (A168609)

---

[4] Briggs also argues that there was insufficient evidence that he was a danger to others. Given our determination that substantial evidence supports the trial court's finding under section 1370, subdivision (a)(2)(B)(i)(I), we need not address this additional argument.

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.